**Lee Allen JONES, Appellant,**

v.

**Officer David COLLIER and Officer Henry Mendoza, Appellees.**

No. 84–1987–EM.

United States Court of Appeals, Eighth Circuit.

Submitted April 8, 1985.

Decided May 13, 1985.

Ronald L. Hack, St. Louis, Mo., for appellant.

Eugene K. Buckley, St. Louis, Mo., for appellees.

Before LAY, Chief Judge, McMILLIAN, Circuit Judge, and HARRIS,* Senior District Judge.

HARRIS, Senior District Judge.

Lee Allen Jones appeals from a final judgment entered in the District Court[1] for the Eastern District of Missouri upon jury verdicts for defendants Collier and Mendoza and against Jones on a 42 U.S.C. § 1983 complaint against the correctional officers. There were two trials in the district court—the first trial resulted in a verdict for Collier and a mistrial as to defendant Mendoza; the second trial resulted in a verdict for Mendoza.

---

* The Honorable Oren Harris, United States Senior District Judge for the Eastern and Western Districts of Arkansas.

1. The Honorable Edward L. Filippine, United States District Court for the Eastern District of Missouri.

## FACTS

On June 29, 1982, Officers Collier and Mendoza and another correctional officer transported three prisoners to the St. Louis County Hospital. Each officer was assigned to one prisoner, each prisoner wore a chain around his waist to which he was handcuffed, and the officers were armed. While waiting in the security room at the hospital, a situation arose wherein Officer Mendoza and Mr. Jones came to blows. Mr. Jones contended before the jury that Mendoza, for no good cause, attacked and beat him. Officer Mendoza contended that Jones, after Mendoza asked him a question, became belligerent and attacked Mendoza, grabbing Mendoza's coat and tie. Mendoza further contended it was necessary to strike Jones to cause him to release his grasp.

At the first trial, Michael Hill, one of the prisoners in the County Hospital waiting room, testified that he did not see Jones grab Mendoza's coat or tie. At the second trial he testified he was not sure. Counsel for the plaintiff moved at the second trial, the next court day following Hill's testimony, that Hill should be recalled to the stand for rebuttal or, alternatively, that the trial should be delayed so that a transcript could be prepared of his testimony at the first trial and read to the jury. Plaintiff's counsel failed to rebut Hill's testimony when he was on the stand or even attempt to lay grounds for rebuttal. Hill was at the time of the request some 300 miles away in state prison. The district court denied the plaintiff's motion.

At both trials, the defense attorney moved that evidence of plaintiff's prior convictions not be admitted in to evidence. The district court denied the motion both times. Notwithstanding his efforts to exclude such evidence from the trial of case, in the second trial plaintiff's attorney introduced the evidence of prior convictions through the testimony of the plaintiff in his case-in-chief.

## DISCUSSION

 We find that the trial court did not err by refusing to recall a witness that was 300 miles away or halt the trial of the case so that a transcript of his prior testimony could be prepared. The plaintiff had the same attorney at both trials and she obviously knew the testimony of the witness was inconsistent. When inconsistent testimony is presented, it is elementary to lay a foundation for rebuttal if rebuttal is to be presented. The attorney did not lay any foundation for rebuttal in this case. The trial court decided the decision not to rebut the testimony of Hill was a part of trial strategy and we cannot say the trial court was in error.

 The appellant argues that the district court abused its discretion when it admitted evidence of appellant's prior convictions. We do not rule on the merits of this issue because we conclude that appellant waived his objection when he presented such evidence in his case-in-chief.[2] Rule 46 of the Federal Rules of Civil Procedure requires that a party make an objection to a ruling of the trial court if it intends to seek review of that ruling. See Wright & Miller, Federal Practice and Procedure: Civil § 2472. In the instant case the appellant made such an objection in the form of a motion in limine. The appellant, however, waived his objection when, on direct examination, he testified to his prior convictions. It is evident the appellant made the choice to so testify for trial strategy reasons and shall not be heard on appeal when he has made that choice. For a similar

2. We note that in cases such as presented here, where the prior conviction evidence does not concern *crimen falsi* but rather other criminal acts where dishonesty is not an element, the trial court must take particular care to balance the probative value of the evidence against its prejudicial effect. See Federal Rules of Evidence 403 and 609(a)(1); also *Czajka v. Hickman*, 703 F.2d 317 (8th Cir.1983). In the instant case, the prior convictions were for burglary and rape. The testimony of the witnesses at the trial, the only evidence of the alleged unprovoked beating, was conflicting. In cases such as this, where dishonesty is not an element of prior convictions, but the credibility of the witnesses is all important, the trial court will not abuse its discretion by admitting such evidence.

result see *United States v. Mariani,* 539 F.2d 915 (2nd Cir.1976).

We have carefully reviewed the entire record and find appellant's other arguments equally without merit. Accordingly, the judgment is affirmed.