Robert LEWIS, Appellant,

v.

**SHERIFFS DEPT. FOR the CITY OF ST. LOUIS, et al., Appellees.**

No. 86–1951.

United States Court of Appeals,
Eighth Circuit.

Submitted March 4, 1987.

Decided May 1, 1987.

Rehearing Denied June 2, 1987.

Richard B. Walsh, St. Louis, Mo., for appellant.

Mary Ann Medler, St. Louis, Mo., for appellees.

Before HEANEY, ARNOLD and BOWMAN, Circuit Judges.

HEANEY, Circuit Judge.

Robert Lewis sued the St. Louis Sheriff's Department, Sheriff Gordon D. Schweitzer, and Deputy Leroy Simmons under 42 U.S.C. § 1983. Lewis alleges that his eighth amendment rights were violated while he was a prisoner being held in the St. Louis Municipal Courts Building. A jury found for the defendants. The district court denied Lewis's motion for a new trial. We affirm.

On October 28, 1983, Lewis was transferred from a state correctional facility in Pacific, Missouri, to the Municipal Courts Building in St. Louis where he was to appear at a post-trial hearing on a conviction for burglary. Lewis claims that before the hearing while he was in a holding cell, deputy Simmons made an unprovoked attack, striking him numerous times with a nightstick. Simmons and his partner, deputy Dennis Gerli, claim that Lewis verbally abused both of them and that Lewis attacked Gerli when he opened the holding cell door. They assert that Simmons only struck Lewis in self-defense after Simmons attempted to defend Gerli and after Lewis struck Simmons in the face.

Lewis received medical attention when he returned to the correctional facility in Pacific. Dr. Gary Robben examined him the day he returned and on subsequent occasions. Dr. Robben found no bruises or other visual signs of injury, but Lewis complained of areas on his body which were sensitive to the touch. X-rays and a CAT scan which Dr. Robben ordered showed no evidence of injury.

The jury heard testimony from a number of witnesses, including Lewis, Simmons, and Gerli. Deputy Henry Swearengen also claimed to have witnessed the entire confrontation. Much of the testimony was conflicting, although Simmons's and Gerli's explanations roughly corresponded.

On appeal, Lewis claims the trial court erred in not granting his motion for a new trial because the verdict was contrary to the manifest weight of the evidence, and in permitting the defense counsel to elicit testimony concerning Lewis's prior felony convictions and other acts of violence by Lewis. We disagree.[1]

■ Motions for a new trial are left to the discretion of the trial court. The trial court should only be reversed if it abused its discretion. *Ryan by Ryan v. McDonough Power Equipment, Inc.,* 734 F.2d 385, 387 (8th Cir.1984). Although the evidence was conflicting, we cannot conclude that the verdict was contrary to law or the evidence adduced. There was substantial evidence that Lewis first attacked Gerli and Simmons and that Gerli and Simmons acted in self-defense. We therefore cannot find that the district court abused its discretion.

■ The cross-examination of Lewis about his felony convictions within the past ten years is permitted under Fed.R.Evid. 609 for the purpose of attacking his credibility.[2] The only limit on inquiry into these

---

1. Because we find against Lewis on his first two contentions, we do not need to address Lewis's third contention that the trial court erred in not instructing the jury that defendant Sheriff Schweitzer was directly responsible under state law for the actions of deputies Simmons and Gerli.

2. Federal Rule of Evidence 609 states in relevant part:
    **(a) General rule**
    For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.
    **(b) Time limit**
    Evidence of a conviction under this rule is not admissible if a period of more than ten years has elapsed since the date of the convic-

past felonies is that the probative value of the evidence must not be outweighed by the unfairly prejudicial effect. The past crimes inquired into on the cross-examination of Lewis—driving an automobile without the owner's permission, theft, burglary in second degree, felonious possession of burglary tools, carrying a concealed weapon, and illegal possession of a controlled substance—did not unfairly prejudice Lewis in this trial. Lewis's conduct in these crimes is not similar to his conduct in the confrontation in issue here, *see United States v. Jackson*, 627 F.2d 1198, 1209–10 (D.C.Cir.1980), and Lewis's credibility was important to the jury's decision in this case. *See United States v. Johnson*, 720 F.2d 519, 521 (8th Cir.1983), *cert. denied*, 465 U.S. 1036, 104 S.Ct. 1310, 79 L.Ed.2d 707 (1984). Moreover, the trial judge did not permit detailed inquiry into past crimes. *See United States v. Brown*, 794 F.2d 365, 366 (8th Cir.1986). The trial judge therefore did not abuse its discretion in admitting evidence of crimes.

Defense counsel also asked Lewis about prior bad acts on cross-examination. Lewis argues that inquiry into these matters was made in order to create a false impression that Lewis had a violent disposition. According to Lewis, such evidence is not admissible under rule 404(b).[3] Lewis's counsel made a timely objection to one of the prior bad acts revealed on cross-examination. That bad act was a fight between Lewis and a deputy sheriff at Lewis's trial for burglary. Although the trial judge permitted a question and answer about the fight, shortly thereafter the trial judge sustained the objection and did not permit further questioning on that subject.

We believe that the trial court erred in allowing the defense counsel to inquire about the prior fight. The appellees offer no theory which would allow the testimony in under rule 404(b), and we cannot think of one. Although this Court must give great deference to the district court on this issue, *see United States v. Boykin*, 679 F.2d 1240 (8th Cir.1982), we believe Lewis has made a clear showing that the judge abused his discretion in admitting the evidence.

Although the trial court erred in admitting the evidence of the fight, we believe this error was harmless. For there to be harmless error, the improperly admitted evidence cannot have had a "substantial influence" on the jury's verdict. *See United States v. Iron Shell*, 633 F.2d 77, 87 (8th Cir.1980), *cert. denied*, 450 U.S. 1001, 101 S.Ct. 1709, 68 L.Ed.2d 203 (1981) (criminal trial); *Lataille v. Ponte*, 754 F.2d 33, 37 (1st Cir.1985) (prisoner civil rights case). "The centrality of the evidence, its prejudicial effect, whether it is cumulative, the use of the evidence by counsel, and the closeness of the case are all factors which bear on this determination." *Lataille*, 754 F.2d at 37 (citing 1 J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 103[06] at 103–61 to 103–63 (1982)).

This case presents a close question. The evidence of the fight concerns Lewis's potentially violent nature. The felony convictions, which were properly admitted, only concern Lewis's credibility as a witness. Because the evidence of the felonies and of the prior bad acts served different purposes, it cannot be said that the improperly admitted evidence was merely cumulative of the properly admitted evidence.

On the other hand, the evidence of the fight was not central to the case for the

---

tion or of the release of the witness from the confinement imposed for that conviction, whichever is the later date, unless the court determines, in the interests of justice, that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect. However, evidence of a conviction more than 10 years old as calculated herein, is not admissible unless the proponent gives to the adverse party sufficient advance written notice of intent to use such evidence to provide the ad-

verse party with a fair opportunity to contest the use of such evidence.

3. Rule 404(b) states:
   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

defense. Clearly, the key in this case was the testimony of the witnesses about the confrontation between Lewis and deputies Simmons and Gerli. *Cf. Mueller v. Hubbard Milling Co.*, 573 F.2d 1029, 1039 (8th Cir.), *cert. denied*, 439 U.S. 865, 99 S.Ct. 189, 58 L.Ed.2d 174 (1978) (verdict in civil trial not reliable because it could have rested on improperly admitted parole evidence). Furthermore, the admission of the evidence was an isolated instance at the trial. The trial court stopped defense counsel from inquiring further about the matter. No other improper evidence was admitted. Therefore, although the evidence at trial was conflicting, we are convinced that the impact of the improperly admitted evidence on the jury was still slight. *See Iron Shell*, 633 F.2d at 87.

Because the trial court properly decided that the jury's verdict was not against the manifest weight of the evidence and because the trial court properly admitted evidence of past felonies committed by Lewis and committed harmless error in admitting evidence of a past bad act, we affirm the district court's denial of Lewis's motion for a new trial.