**Van JOHNSON, Appellant,**

v.

**Dr. Richard K. BOWERS and John R. Douglas, CO III, Appellees.**

No. 88–2641.

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1989.

Decided Aug. 22, 1989.

As Modified on Grant of Rehearing Oct. 27, 1989.
Rehearing En Banc Denied Oct. 27, 1989.

Andrew H. McCue, Kansas City, Mo., for appellant.

Kelly Mescher, Jefferson City, Mo., for appellees.

Before BEAM, Circuit Judge, and HEANEY and BRIGHT, Senior Circuit Judges.

BRIGHT, Senior Circuit Judge.

Van Johnson, an inmate at the Missouri State Penitentiary (MSP), appeals an adverse judgment entered pursuant to a jury verdict in his action under 42 U.S.C. § 1983 alleging that prison officials violated his Eighth Amendment rights by denying him recommended surgery to repair nerve damage to his arm, beating him when he complained about the denial of surgery, and failing to properly treat a finger broken in the beating incident. Johnson sought both damages and injunctive relief. For the reasons set forth below, we affirm the judgment denying Johnson damages, but remand with directions that the district court rule on Johnson's claim for injunctive relief requiring immediate surgery to repair nerve damage to his left arm in light of and consistent with this opinion.

I. BACKGROUND

On October 21, 1978, Johnson suffered a stab wound to his left forearm while incarcerated at MSP. Two nerves in the arm were severed, leaving Johnson unable to twist his wrist into a "palms up" position or to fully open his hand. The injury also reduced his grip strength. Although Johnson is right-handed and experiences no pain from the injury, the limited utility of his left hand restricts his day-to-day activities.

In November 1978, appellee Dr. Richard Bowers, then an MSP staff physician, referred Johnson to Dr. R.A. Heimburger, a plastic surgeon at the University of Missouri Hospital and Clinics. Johnson, however, was released on parole before significant treatment could occur.

Johnson returned to MSP in July 1979 to begin serving his current sentence on a new charge. On January 18, 1980, then Warden Donald Wyrick directed Dr. Bow-

ers, who had subsequently been appointed Chief Medical Officer of MSP,[1] either to schedule Johnson for reconstructive surgery with Dr. Heimburger or to document Johnson's refusal to undergo the surgery. Five days later, Dr. Heimburger examined Johnson and recommended physical therapy, along with nerve and muscle tests in preparation for a tendon transfer operation. These diagnostic tests eventually were performed on September 1, 1981, but only after further repeated recommendations by Dr. Heimburger.

Dr. Heimburger reviewed the test results on October 19, 1983, and made specific recommendations about the nature of the surgery required. The University of Missouri Hospital and Clinics, however, coded Johnson's surgery as a nonurgent, elective procedure and placed him on a waiting list. To date, Johnson has yet to be scheduled for surgery.

On February 8, 1985, Johnson confronted Lieutenant John Douglas, the ranking officer in his cell block, to complain about the absence of treatment to his forearm. A scuffle ensued, during which Johnson suffered a slightly displaced fracture to his right middle finger. Although the finger was splinted and later placed in a cast, the fracture resulted in a "swan neck" deformity. This deformity does not impede the proper functioning of the finger.

As a result of these incidents, Johnson filed two claims against Dr. Bowers alleging indifference to medical needs, as well as an excessive force claim against Douglas. After a three-day trial, the jury found for the defendants. The district court entered a judgment on the jury verdict, but did not expressly address Johnson's request for equitable relief. Johnson thereafter filed post-trial motions for judgment n.o.v. or new trial, which the district court denied on October 19, 1988. This appeal followed.

## II.  DISCUSSION

### A.  Evidentiary Issues

Johnson argues that the district court committed several evidentiary errors that entitle him to a new trial. We disagree.

Initially, Johnson contends that the district court abused its discretion by admitting testimony and argument concerning the budgetary constraints MSP faces in providing medical care to inmates. Although the lack of adequate funds cannot justify unconstitutional treatment of prisoners, *Campbell v. Cauthron*, 623 F.2d 503, 508 (8th Cir.1980), we conclude that the evidence admitted did not substantially influence the jury's verdict in light of the considerable evidence presented that Johnson suffered no damages because of the delay in surgery. Therefore, any error in admitting the budgetary evidence was harmless. *Lewis v. Sheriffs Dep't for City of St. Louis*, 817 F.2d 465, 467 (8th Cir.), *cert. denied*, 484 U.S. 929, 108 S.Ct. 298, 98 L.Ed.2d 257 (1987).

Johnson also argues that the district court committed prejudicial error by admitting, contrary to a pretrial order, a statement by Dr. Bowers suggesting that Johnson broke his finger while throwing a punch. Johnson did not make a contemporaneous objection to this testimony, however, and we determine that its admission did not constitute plain error in that Dr. Bowers' statement was too isolated and ambiguous to prejudice Johnson.

Finally, Johnson seeks a new trial based on defense counsel's allegedly improper arguments to the jury in which she injected personal opinions and violated a pretrial order by mentioning Johnson's prior convictions. Improper statements by counsel during opening or closing arguments constitute reversible error only when those statements are "plainly unwarranted and clearly injurious." *Morrissey v. Welsh Co.*, 821 F.2d 1294, 1303 (8th Cir. 1987). The statements in this case, though

---

**1.** Dr. Bowers left the Department of Corrections in February 1980, but returned in March 1984 as the Department's Chief Medical Administrator. In this position, he supervised all medical care of MSP inmates and arranged for treatment at the University of Missouri Hospital and Clinics whenever necessary (Tr. Vol. II, at 176–77).

improper, do not warrant reversal. First, although the convictions did not bear on any issues on trial, counsel's statement did not clearly prejudice Johnson because the jury already knew he was a prisoner incarcerated for serious crimes. Second, because Johnson did not object to counsel's statements of opinion, those comments require reversal only if they were "so prejudicial as to cause a miscarriage of justice.' *Thomure v. Truck Ins. Exch.*, 781 F.2d 141, 143 (8th Cir.1986). We cannot say on the record that such a miscarriage occurred here.[2]

### B. Deliberate Indifference to Need for Surgery

Johnson maintains that the district court erred in denying his motion for judgment n.o.v. on the claim that Dr. Bowers exhibited deliberate indifference to his serious medical need for the forearm surgery in violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *White v. Farrier*, 849 F.2d 322, 325–27 (8th Cir. 1988).

We may reverse the denial of such a motion only when the evidence, viewed in a light most favorable to the nonmoving party, points one way and is susceptible of no reasonable inferences sustaining the position of that party. *Sunkyong Int'l, Inc. v. Anderson Land & Livestock Co.*, 828 F.2d 1245, 1248 (8th Cir. 1987). Under this standard, we will not disturb the jury verdict in this case. Substantial evidence existed for the jury to reject Johnson's claim—either based on insufficient proof of damages or on a determination that, at the time of trial, excessive delay had not yet occurred.

Although we uphold the jury verdict denying damages, we note that the district court has never addressed Johnson's separate request for injunctive relief.

The undisputed testimony and the concessions of appellees' counsel at oral argument indicate that Johnson has made a strong case under *Estelle*. Johnson's need for the surgery appears serious. Dr. Heimburger has repeatedly recommended the procedure, the denial of which will cause Johnson to suffer a permanent handicap. *Monmouth County Correctional Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir.1987), *cert. denied*, — U.S. —, 108 S.Ct. 1731, 100 L.Ed.2d 195 (1988). Moreover, the nine-year delay since the original recommendation of surgery, including the year that has elapsed since trial, suggests that MSP has exhibited deliberate indifference to Johnson's medical needs. *See West v. Keve*, 541 F.Supp. 534, 540 (D.Del.1982) (seventeen-month delay between recommendation and performance of elective surgery constitutes deliberate indifference), *appeal dismissed*, 721 F.2d 91 (3d Cir. 1983).

During oral argument, Dr. Bowers' counsel virtually conceded Johnson's right to the surgery, but maintained that officials at the hospital, not the prison, make scheduling decisions for elective surgery based on the availability of beds. The hospital's gratuitous classification of Johnson's surgery as "elective," however, does not abrogate the prison's duty, or power, to promptly provide necessary medical treatment for prisoners. *See Monmouth County*, 834 F.2d at 348 n. 32; *Laaman v. Helgemoe*, 437 F.Supp. 269, 311 (D.N.H.1977). The record indicates that Johnson suffers substantial disability from this injury which occurred in a prison setting. No sufficient reason exists at this time for further delaying surgical correction. It is no excuse for appellees to urge that the responsibility for delay in surgery rests with the University of Missouri Hospital and Clinic. Appellees are required to expeditiously arrange for surgical correction of Johnson's arm by a qualified surgical specialist at the University of Missouri facility or some other equal medical facility. The responsibility for securing medical care for prisoner's needs

---

**2.** Johnson also argues that he is entitled to a new trial on his excessive force claim against Douglas because the district court erroneously permitted evidence of the *Alford* plea Johnson entered on the charge of offering violence to an officer during the altercation with Douglas. *See North Carolina v. Alford*, 400 U.S. 25, 37, 91 S.Ct. 160, 167, 27 L.Ed.2d 162 (1970) (court may accept guilty plea accompanied by protestation of innocence). Johnson unsuccessfully sought to exclude evidence of his plea through a pretrial motion in limine, but then waived any objection by testifying about his conviction during his case-in-chief. *Jones v. Collier*, 762 F.2d 71, 72 (8th Cir.1985). Therefore, we will not address the issue on appeal.

rests with the prison authorities, not with some outside medical facility.

## III. CONCLUSION

We affirm the jury verdict denying Johnson's damages, but remand to the district court Johnson's claim for injunctive relief with directions that the district court enter such order as is appropriate in light of the record made in this case and consistent with this opinion.