_____

No. 95-2945EA
_____

Larry Williams,                    *
                                   *
          Appellant,               *
                                   *
     v.                            *
                                   *  On Appeal from the United States
Jimmy Carter, Sheriff, Poinsett    *  District Court for the
County; Gene Henderson, Head       *  Eastern District of Arkansas.
Jailor, Poinsett County; Glen      *
Miller, Trustee, Poinsett County;  *  [TO BE PUBLISHED]
Cleo Shelly, Trustee, Poinsett     *
County,                            *
                                   *
          Appellees.               *


_____

Submitted:  January 29, 1996

Filed:  February 6, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, JOHN R. GIBSON and BEAM,
     Circuit Judges.
_____

PER CURIAM.


     Larry Williams, formerly a pretrial detainee in the Poinsett
County, Arkansas, Jail, appeals the District Court's[1] dismissal of
his 42 U.S.C. § 1983 claims of unconstitutional jail conditions.
We reversed an earlier dismissal because the District Court gave

_____

[1]The Honorable Susan Webber Wright, United States District
Judge for the Eastern and Western Districts of Arkansas, adopting
the report and recommendations of the Honorable H. David Young,
United States Magistrate Judge for the Eastern District of
Arkansas.

inadequate consideration to Williams's request for witnesses. Williams v. Carter, 10 F.3d 563, 565 (8th Cir. 1993). After remand, the District Court reviewed Williams's witness requests, appointed counsel for him, heard an additional witness, and determined Williams's claims to be without merit. We now affirm.

I.

Williams claimed conditions at the jail violated constitutional standards for health, safety, access to the courts, and visiting accommodations. Id. at 565 n.1. He sued Sheriff Jimmy Carter and Jail Supervisor Gene Henderson. After a hearing, the magistrate judge addressed the claims and recommended denial of relief. Williams, proceeding pro se at the time, detailed his evidence and contrary conclusions in timely objections. The District Court reviewed the record de novo and dismissed Williams's claims. Without reaching the merits, we reversed with directions to the District Court to determine which witnesses, if any, should be subpoenaed.

After remand, the magistrate judge asked Williams to name his witnesses and summarize their anticipated testimony. Williams requested fourteen witnesses, including a commissioner who participated in an official review that criticized the jail, Williams's co-plaintiffs, other jail inmates, relatives of inmates, a news reporter, a jail staff person, and a volunteer worker at the jail. He said each of the requested witnesses would provide first-hand testimony about the jail's conditions, and two of them could attest to Sheriff Carter's threats to Williams and the staff person for their participation in the lawsuit.

The magistrate judge then appointed counsel for Williams. Counsel filed an abridged list of witnesses, with a generic statement of their expected testimony. The list included the commissioner who helped prepare the official report, but did not

-2-

include any of Williams's "lay" witnesses.  Counsel did not request any subpoenas.  The commissioner was the only additional witness at the supplemental hearing.

The magistrate judge found that the commissioner's testimony confirmed earlier evidence.  Accordingly, he recommended that his first findings and recommendations not be disturbed.  Counsel did not object.  The District Court adopted the supplemental recommendation, and dismissed Williams's claims.  The court also permitted counsel to withdraw.

In untimely pro se objections, Williams complained that this Court's mandate had been "mishandled," noting the opinion said that reasons should be given if no witnesses were to be called, and subpoenas should be issued for witnesses to be called.  Id. at 567. He protested that relevant factual testimony concerning the condition and operation of the jail had been denied.  The District Court reviewed the objections, and reaffirmed the magistrate judge's recommendation.

II.

We review the District Court's conclusions of law de novo, and we review its findings of fact for clear error.  See Moody v. Proctor, 986 F.2d 239, 241 (8th Cir. 1993) (per curiam).  The decision whether to call witnesses is normally a judgment by counsel which the courts do not second-guess.  Sherrill v. Wyrick, 524 F.2d 186, 188, 190 (8th Cir. 1975), cert. denied, 424 U.S. 923 (1976).

From the record, we see that Williams disagreed with counsel about whether to call additional witnesses at the supplemental hearing.  Counsel was appointed at Williams's request, however, and counsel was responsible for deciding whether to subpoena Williams's proposed witnesses.  See id.  Because counsel made no request for

subpoenas, the District Court was not asked to rule on the calling of witnesses; thus, the court did not err.

## III.

We find no error of law and no clear error in the findings of fact.  Accordingly, we affirm.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.