103 F.3d 133
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Sherman MORISSETTE, Plaintiff-Appellant,
v.
Salvador A. GODINEZ and James Schomig, Defendants-Appellees.
 No. 94-1475.
 United States Court of Appeals, Seventh Circuit.
 Submitted Nov. 19, 1996.*
Decided Nov. 19, 1996.
 
 Before BAUER, FLAUM and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Stateville inmate Sherman Morissette brought suit under 42 U.S.C. § 1983 against Warden Salvador Godinez and Assistant Warden of Operations James Schomig, alleging that he was subjected to cruel and unusual punishment during his imprisonment. On December 9, 1993, Morissette, along with six other inmates, was placed in a restraint system consisting of handcuffs, a "black box" between the cuffs, and a waist chain connected to a long chain, so that no inmate could move except in concert with the other inmates. The inmates, who were returning to their cells from the Stateville law library, had to carry their books and legal materials, whose weight pressed their arms against their cuffs and the black box.
 
 
 2
 The inmates walked approximately a mile from the library to their cells. During the walk, the lead inmate stepped into a hole and fell, pulling the other inmates down with him. Because the restraint system prevented Morissette from breaking his fall, he suffered injuries to his back, his right arm, and his head. Subsequently, he alleges, he was delayed in seeing a doctor; he was returned to his cell without an examination (although X-rays were taken); despite requests for medical treatment, he was not seen by a doctor for three more days; and finally, he was never given the prescribed medicine and treatment.
 
 
 3
 Morissette brought suit, alleging that the "black box" restraint system and the denial of medical treatment violated his Eighth Amendment rights. Having reviewed for an abuse of discretion the district court's dismissal pursuant to 28 U.S.C. § 1915(d) (now § 1915(e)(2)). Denton v. Hernandez, 504 U.S. 25, 33 (1992), we affirm.
 
 
 4
 Morissette's medical treatment claim is frivolous, and thus was properly dismissed pursuant to § 1915, because he fails to show how these particular defendants were involved in the denial of medical treatment about which he complains. Without personal knowledge of, or a reckless disregard for, impending harm, defendants cannot be held liable for a constitutional violation. Farmer v. Brennan, 114 S.Ct. 1970, 1979, 1981 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference...."); Vance v. Peters, No. 94-3070, slip op. at 12-13 (7th Cir. Oct. 11, 1996).
 
 
 5
 Morissette's other claim concerns the restraint system, particularly the black box and the chain connecting inmates to one another. This court discussed the use of the "black box" ("a hard plastic box placed over the lock apparatus that runs between the prisoner's handcuffs") in Knox v. McGinnis, 998 F.2d 1405, 1407 (7th Cir.1993). In Knox, the plaintiff, a Stateville segregation prisoner, was forced to wear the black box and waist chain restraint whenever he went to the law library or prison hospital or received visitors. He complained that the posture imposed by the black box caused the handcuffs to cut into his hands, sometimes causing bleeding, and he claimed to suffer persistent pain in his hands. The court determined that defendants were entitled to qualified immunity, as no decision would have alerted defendants that the use of the black box restraint inside a prison would violate a prisoner's constitutional rights. Id. at 1410. Notably, it did not hold that the use of the black box was unconstitutional. Moreover, its discussion of other cases addressing the issue show that on the whole, the decisions "sanction use of restrictive mechanisms, including the black box, on special status prisoners when they are taken outside the prison or when they move inside the prison to particularly vulnerable areas such as the law library or visiting areas." Id. at 1412. See also Bruscino v. Carlson, 854 F.2d 162 (7th Cir.1988) (affirming decision in which the district court stated that use of the black box restraint was not unconstitutional), denied, 491 U.S. 907 (1989); Moody v. Proctor, 986 F.2d 239 (8th Cir.1993) (finding black box constitutional), Fulford v. King, 692 F.2d 11 (5th Cir.1982) (same).
 
 
 6
 Although the use of the "black box" is not itself unconstitutional in these circumstances, Morissette further focuses on the injuries he suffered when the restraint system caused him first to fall and then be unable to break that fall with his hands and arms. He alleges that defendants are liable for using this restraint system despite a foreseeable risk of injury from seven inmates chained together crossing open ground in winter. Nothing in this complaint, however, indicates that the defendants instituted this restraint for an improper purpose or with knowledge that harm would result. "One who makes a claim under the cruel and unusual punishments clause must show that the state has created risk or inflicted pain pointlessly. 'After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment.' " Johnson v. Phelan, 69 F.3d 144, 147 (7th Cir.1995) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)), petition for cert. filed, 64 U.S.L.W. 3823 (May 28, 1996) (No. 95-1951). Here, the restraint system was not pointless. Knox notes that moving segregation prisoners incurs special security concerns, 998 F.2d at 1411-12, and Morissette's complaint indicates that one officer was responsible for seven segregation prisoners crossing approximately a mile of open ground. Further, there is no indication that prison officials use the restraint system improperly or in such a way to endanger inmate safety. "To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind. In prison-conditions cases that state of mind is one of 'deliberate indifference' to inmate health or safety." Farmer, 114 S.Ct. at 1977 (internal citations and quotation marks omitted). See Knox, 998 F.2d at 1411 (noting that Fulford left open "the possibility that retaliatory or punitive use of the black box system may be unconstitutional," but that concern lessens where black box is used consistently on all segregation inmates); Moody, 986 F.2d at 241-42 ("[A]lthough Moody suffered injury as a result of defendants' actions, we conclude there was no evidence that defendants acted maliciously and sadistically or with deliberate indifference." (internal citations omitted)).
 
 
 7
 Even if Morissette is correct in asserting that defendants should have known of a risk, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." Farmer, 114 S.Ct. at 1979 (internal citations and quotation marks omitted). Rather, in order to state a claim, a defendant's conduct must be "deliberate or otherwise reckless in the criminal law sense, which means that the defendant must have committed an act so dangerous that his knowledge of the risk can be inferred or that the defendant actually knew of an impending harm easily preventable." Antonelli v. Sheahan, 81 F.3d 1422, 1427 (7th Cir.1996). An incident such as this, or that injuries might result therefrom, was simply not sufficiently foreseeable to impose constitutional liability.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)