# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3452

_____

United States of America,     *
    *
      Appellee,     *
    *    Appeal from the United States
      v.     *    District Court for the
    *    Eastern District of Arkansas.
Newton Don Jenkins,     *
    *
      Appellant.     *

_____

Submitted: March 14, 2000
Filed: April 10, 2000

_____

Before McMILLIAN and HEANEY, Circuit Judges, and BOGUE[1], District Judge.

_____

HEANEY, Circuit Judge.

Newton Don Jenkins, Sr. was convicted of one count of bank fraud in violation of 18 U.S.C. § 1344 (1999) and twenty-five counts of making false statements to a federally-insured bank in violation of 18 U.S.C. § 1014 (1999). Jenkins moved for a directed verdict, claiming that the evidence was insufficient to convict him. The district court denied his motion, and Jenkins appeals. We affirm.

---

[1]The Honorable Andrew W. Bogue, United States District Judge, for the District of South Dakota, sitting by designation.

**FACTS**

Carlos Oakes, one of Jenkins' acquaintances, discussed with Jenkins the possibility of starting a computer business. Jenkins asked Oakes to sign a Limited Power of Attorney form and a signature card to open a bank account in the name of Oakes Computer and Videos, Inc. (Oakes Computers). Oakes complied. On June 1, 1995, Jenkins, acting on behalf of Oakes Computers, entered into a merchant agreement with the Arkansas Bank of Jonesboro (the Bank), a federally-insured bank. Under the agreement, Jenkins could deposit credit card sales slips from Oakes Computers and have their amounts immediately credited to the Oakes Computers account.

Between June 14, 1995 and October 2, 1995, Jenkins deposited over $78,000 in credit card slips reflecting sales purportedly made by Oakes Computers. The credit card slips were drawn on credit cards recently issued to Jenkins, his relatives, and Oakes. Oakes testified that Oakes Computers never sold a computer, and that he never applied for or knew of the credit cards issued in his name.

After the sales amounts were credited to the account, Jenkins would withdraw money through checks and ATM transactions. The sales slips continued to be credited to the Oakes Computers account until the credit card company refused to pay on them.

Jenkins was charged with and convicted of one count of bank fraud and twenty-five counts of making false statements to a federally-insured bank. Following trial, Jenkins moved for a directed verdict, which the district court denied.

**DISCUSSION**

Jenkins appeals the district court's denial of his directed verdict motion, claiming that insufficient evidence was presented at trial to support his conviction. We will

reverse the denial of a directed verdict motion only if the evidence, viewed in the light most favorable to the non-moving party, points one way and is not susceptible to reasonable inferences sustaining the non-moving party's position.  See Johnson v. Bowers, 884 F.2d 1053, 1056 (8th Cir. 1989).

For Jenkins to be convicted of bank fraud under § 1344, the government had to prove that he knowingly executed or attempted to execute a scheme to defraud a financial institution or to obtain any money, funds, or credits by false or fraudulent pretenses.  See § 1344.  For his § 1014 conviction, the government had to show that Jenkins made a false statement to a bank with the intent to influence the bank's actions.  See § 1014.

Jenkins first argues that he did not make a false statement to the Bank because credit card slips are similar to checks, and therefore, are not factual assertions.  See Williams v. United States, 458 U.S. 279, 284-85 (1982) (holding that checks are not factual assertions, but rather mere orders to drawee bank to make payment, default of which results in drawer's liability for face amount); United States v. Ponec, 163 F.3d 486, 489 (8th Cir. 1998).  Jenkins' argument is without merit.  Unlike checks, credit card slips assert facts.  See United States v. Price, 763 F.2d 640, 643 (4th Cir. 1985) (holding credit card sales slips are factual assertions because they carry express representations concerning account numbers, account owners, and purchase amounts).  When Jenkins deposited the credit card slips, he represented to the Bank that actual sales had taken place between Oakes Computers and the credit card holders, which the evidence proved was simply not true.

Jenkins next argues that the Bank did not rely on the memorandum portion of the credit card slips,[2] and thus, that the slips do not constitute false statements.  Again, his

---

[2] The memorandum portion of the sales slips contained purported merchandise serial numbers and other unidentifiable information.

argument is without merit. We question whether reliance is required to prove § 1344 and § 1014 violations as Jenkins asserts. However, assuming for the sake of argument that reliance by the financial institution is required, the evidence in this case sufficiently established that the Bank relied on the credit card slips as a whole, of which the memorandum portion was a part.

Under the merchant agreement between the Bank and Oakes Computers, the Bank agreed to immediately credit the Oakes Computers account when credit card slips from the business's sales were deposited. Jenkins' counsel stated at oral argument that ninety-nine percent of the deposited credit card slips represented fictitious sales. Moreover, evidence presented at trial showed that the Bank never would have entered the agreement with Oakes Computers if it knew that the sales represented by the credit card slips were fabricated. Thus, when the Bank credited the Oakes Computers account, it relied on the fact that the credit card slips represented actual sales by Oakes Computers to the credit card holders, which they did not.

Because the evidence presented at trial was sufficient for the jury to find Jenkins guilty of bank fraud and of making false statements to a bank, we affirm the district court's denial of Jenkins' motion for a directed verdict.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.