# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-4206

_____

Berencer Batiste-Davis,      *
also known as      *
Berencia Batiste-Davis,      *
    *     Appeal from the United States
        Plaintiff-Appellant,      *     District Court for the
    *     Eastern District of Arkansas.
     v.      *
    *
Lincare, Inc.,      *
    *
       Defendant-Appellee.      *

_____

Submitted: December 12, 2007
Filed: May 19, 2008

_____

Before RILEY, COLLOTON and BENTON, Circuit Judges.

_____

BENTON, Circuit Judge.

Berencia Yvonne Batiste-Davis sued her former employer, Lincare, Inc., for wrongful termination under Title VII of the Civil Rights Act of 1964, *42 U.S.C. §§ 2000e - 2000e-17*, and 42 U.S.C. § 1981. The jury returned a unanimous verdict for Lincare. Davis appeals. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.

Davis, a respiratory therapist, began working as an independent contractor for Lincare in Jacksonville, Arkansas, in November 2001. In September 2003, Davis

began employment with Lincare as a full-time healthcare specialist in the same office. Later, she applied to be the center manager, interviewing with Lincare's area manager, Todd Kline. He promoted her to center manager in June 2004. One of her duties was assuring that filing was complete. When she began as manager, the filing was overwhelming.

Rita Jones, a Lincare patient, "volunteered" by helping in the office at the Jacksonville center. On at least one occasion, she filed patient information and took patient records home. At trial, Davis testified that records were removed from the office regularly when setting up or visiting a patient at home. As center manager, she often took care of paperwork at home. She maintained she was unaware of anyone ever being disciplined by Lincare for removing patient records from the office.

On December 15, 2004, Kline advised Davis he had received information that Rita Jones was taking patient files out of the office for filing. Davis admitted using Jones as a volunteer to help with filing. Davis indicated to Kline she did not know files were being removed from the office. Kline suspended Davis without pay.

Kline met with Davis six days later. He told her she had violated the Health Insurance Portability and Accountability Act of 1996, *42 U.S.C. § 1320d et seq.* He handed her a termination letter citing two reasons – violation of patient confidentiality, and substandard workmanship, negligence, or inefficiency in performing her duties. At trial, Lincare maintained Davis was terminated due to the violation of patient confidentiality.

Davis alleges that Kline had not wanted to promote her to the position of center manager because of her race. She asserts Kline used racially derogatory language in the workplace and previously approved using volunteers to file patient records. Kline denies these assertions.

I.

Before trial, Davis moved to bar Lincare from introducing evidence on two issues. First, Davis asked the district court to exclude evidence of a lawsuit she filed six years earlier alleging discrimination by another employer. Second, she requested the court exclude evidence of her past treatments for depression, including electroconvulsive therapy. The trial court denied both motions before, during and after trial.

This court reviews the evidentiary rulings of the trial court for an abuse of discretion. The trial court has wide discretion in ruling on the admission of evidence. *McPheeters v. Black & Veatch Corp.*, 427 F.3d 1095, 1101 (8th Cir. 2005).

A.

Evidence of prior "acts is not admissible to prove the character of a person." **Fed. R. Evid. 404(b)**. However, evidence of prior acts may be admissible, as relevant here, to prove motive, intent, preparation or plan. *Id.* Evidence of prior acts may be admitted if "(1) relevant to a material issue; (2) proved by a preponderance of the evidence; (3) higher in probative value than in prejudicial effect; and (4) similar in kind and close in time to the [event at issue]." *Berry v. Oswalt*, 143 F.3d 1127, 1132 (8th Cir. 1998), *quoting United States v. Aranda*, 963 F.2d 211, 215 (8th Cir. 1992).

Prior acts include prior lawsuits. Six years before the current lawsuit, Davis pro se sued a former employer alleging discrimination under Title VII and the Americans with Disabilities Act, but voluntarily dismissed the case. There is no indication the prior lawsuit was fraudulently filed.

Before trial, the district court ruled that evidence of the earlier lawsuit was admissible to show Davis's motive in filing this case. Lincare adds that evidence of the prior suit has a bearing on Davis's credibility, state of mind with respect to the current litigation, and pattern or plan of asserting false claims.

Other courts generally do not admit evidence of prior suits unless they were fraudulently filed. *See **McDonough v. City of Quincy***, 452 F.3d 8, 20 (1st Cir. 2006) *citing **Outley v. City of New York***, 837 F.2d 587, 592 (2d Cir. 1988); *see also **Mathis v. Phillips Chevrolet, Inc.***, 269 F.3d 771, 776-77 (7th Cir. 2001). Evidence of a prior lawsuit may be admitted on a case-by-case basis if it meets the four requirements of this circuit's test. *See **Duckworth v. Ford***, 83 F.3d 999, 1002 (8th Cir. 1996). Davis's prior suit was relevant, similar, and probably close enough in time. *See **Gastineau v. Fleet Mortgage Corp.***, 137 F.3d 490, 495-96 (7th Cir. 1998) (three suits against former employers filed within five years of current case were sufficiently close in time to be admitted as proof of reason why supervisor kept notes about plaintiff's work, rather than proof of plaintiff's litigiousness).

Remaining is the third requirement, whether the probative value exceeds the unfair prejudice (an analysis equivalent to that in Rule 403). *See **Firemen's Fund Ins. Co. v. Thien***, 63 F.3d 754, 759 (8th Cir. 1995) ("Admissibility under Rule 404(b) is contingent upon admissibility under Rule 403," allowing the exclusion of evidence whose probative value is substantially outweighed by the danger of unfair prejudice). "The charge of litigiousness is a serious one, likely to result in undue prejudice against the party charged, unless the previous claims made by the party are shown to have been fraudulent." *See **Outley***, 837 F.2d at 592. The probative value of the lawsuit was minimal as Lincare presented evidence of only one suit, which was six years old. Because the probative value was substantially outweighed by its unfair prejudice, the district court abused its discretion in admitting evidence of Davis's prior lawsuit.

Even so, this error was harmless in the context of the whole trial. To be harmless error, the admitted evidence must not have had a substantial influence on the verdict. ***Lewis v. Sheriffs Dept. for the City of St. Louis***, 817 F.2d 465, 467 (8th Cir. 1987). True, Lincare made passing references to the prior lawsuit in opening and closing arguments. During direct and cross-examination, Davis acknowledged the prior suit but denied it was based on racial discrimination. Lincare then used evidence of the suit to impeach her credibility. Davis's attorney addressed the issue on redirect, allowing her to explain the impeachment. The issue of the prior lawsuit was a small part of a trial that lasted four days. Davis's credibility was impeached at numerous other points during the trial. The improperly admitted evidence did not have a substantial effect on the jury's verdict.

### B.

In the complaint, Davis alleged emotional suffering, mental anguish and loss of enjoyment of life due to the alleged discrimination. The district court ruled that the evidence of her treatment for depression was relevant to damages.

Davis contends that informing the jury she had previously been treated with electroconvulsive therapy for depression was extremely prejudicial. However, Davis planned to and did call her treating social worker to testify that her termination from Lincare had impacted her psychologically. Because Davis's mental condition was at issue, it was proper to admit evidence of her prior mental condition and treatment. *See* ***Schoffstall v. Henderson,*** 223 F.3d 818, 823 (8th Cir. 2000).

Lincare also used information about the depression treatment as impeachment. At trial, she denied receiving on-going treatment for depression since 2000. However, her medical records show she had been taking anti-depressant medication since 2000.

Davis relies on *Taylor v. National R.R. Passenger Corp.*, 920 F.2d 1372, 1375 (7th Cir. 1990), to argue it was improper to allow this impeachment, asserting her past medical records were collateral. Her mental state – both before and after termination – was relevant to damages, and thus not collateral. *See **United States v. McCrady***, 774 F.2d 868, 873 (8th Cir. 1985). "It is elementary that a witness may be impeached by contradictory evidence." ***Henninger v. S. Pac. Co.***, 59 Cal. Rptr. 76, 79 (Cal. App. 1967). Therefore, use of the medical records for impeachment purposes was appropriate.

## II.

Davis contends that the district court should have granted a new trial because the verdict was against the weight of the evidence. She recognizes that the denial of new trial on this basis is virtually unassailable. ***Grogg v. Mo. Pac. R.R. Co.,*** 841 F.2d 210, 214 (8th Cir. 1988), ***Czajka v. Black***, 901 F.2d 1484, 1485 (8th Cir. 1990). Reviewing the evidence most favorably to the verdict, this court cannot say that the district court abused its discretion by denying the motion for new trial. *See **United States v. Matlock***, 675 F.2d 981, 987 (8th Cir. 1982); **8th Cir. R. 47B** .

## III.

The judgment of the district court is affirmed.

_____